

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                        17-CR-6139 (FPG)

WILLIAM ROSICA,

                    Defendant.

## PLEA AGREEMENT

The defendant, WILLIAM ROSICA, and the United States Attorney for the Western
District of New York (hereinafter "the government") hereby enter into a plea agreement with
the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a two-count
Information charging;

a.    in Count 1, a violation of Title 18, United States Code, Sections 2261A(2)(B)
and 2261(b)(5) (cyberstalking) for which the maximum possible sentence is a term of
imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment
and a term of supervised release of 3 years; and

b.    in Count 2, a violation of Title 18, United States Code, Section 1030(a)(2)(C)
and 1030(c)(2)(B)(ii) (computer intrusion) for which the maximum possible sentence is a term

of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of 3 years.

    c.    The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

    2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

    3.    The defendant understands, and the parties agree, that the Court must require restitution in an amount to be determined to be paid as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

2

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offenses set forth in paragraph 1

of this agreement and understands that if this case proceeded to trial, the government would

be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 18 U.S.C. § 2261A(2)(B)

(1) The defendant used any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

(2) The defendant engaged in a course of conduct with intent to injure, harass or cause substantial emotional distress to another person; and

(3) That the course of conduct caused, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to the person.

### Count 2 - 18 U.S.C. § 1030(a)(2)(C) and 1030(c)(2)(B)(ii)

(1) First, that the defendant intentionally accessed a computer without authorization;

(2) Second, that the defendant obtained information from any protected computer; and

(3) Third, that the defendant acted in furtherance of committing a federal criminal violation related to cyberstalking.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

a. Between February 2016 and March 2017, WILLIAM ROSICA used direct, indirect, and digital surveillance to engage in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to VICTIM. ROSICA used

3

computers, the internet and other digital devices in interstate and foreign commerce, from his home, vehicle, and place of employment within the Western District of New York to engage in this conduct.

b.  During this time, ROSICA created multiple fictitious email accounts and sent hundreds of harassing emails and text messages to VICTIM, her family, and her employer. ROSICA did so using software and the TOR Network which concealed his true identity online. ROSICA also created and used a fictitious online entity named KATY JONES to send emails and text messages to VICTIM and her family. These emails included photographs, taken by ROSICA, showing VICTIM, her family, and her vehicle.

c.  During this time, ROSICA also directed and used other people to conduct physical surveillance of the VICTIM and her family. ROSICA had people drive by the VICTIM'S home and place of employment and report their observations back to ROSICA, who would then use this information to harass the VICTIM.

d.  During this time, ROSICA sent the victim multiple anonymous emails and text messages directing and instructing the VICTIM to commit suicide.

e.  During this time, ROSICA unlawfully accessed and attempted to access VICTIM'S cellular phone online account on multiple occasions. ROSICA also made multiple attempts to reset VICTIM'S account password.

f.  During this time, ROSICA unlawfully accessed and attempted to access VICTIM'S work email and voicemail accounts on several hundred occasions.

g.  During this time, ROSICA unlawfully accessed and attempted to access VICTIM'S Walgreens Pharmacy and University of Rochester MyChart health care account on multiple occasions.

h.  During this time, ROSICA unlawfully accessed and attempted to access VICTIM'S Time Warner Cable online account on multiple occasions. ROSICA also unlawfully accessed the Time Warner Cable account of VICTIM'S family.

i.  ROSICA improperly used his position as a Police Officer to access law enforcement databases and other restricted online systems in order to

4

obtain information on VICTIM, her family, and other identified victims.

j.      While attempting to unlawfully gain access to VICTIM'S online Time Warner Cable account, ROSICA knowingly used a means of identification of VICTIM'S, including VICTIM'S name, social security number, home address, and phone number, without lawful authority.

k.      Following his arrest, ROSICA made a materially false statement to FBI Agents when he denied using the TOR network. In truth and in fact, ROSICA had accessed the TOR network as recently as 5 hours before his interview with Agents. At the time he made this statement to federal agents, ROSICA knew it to be false.

l.      Following his arrest, ROSICA made a materially false statement to FBI Agents when he told Agents that he believed that VICTIM was actually KATY JONES, and that VICTIM, as KATY JONES, was the one who was really stalking him online, instead of the opposite way around. At the time he made these statements to federal agents, ROSICA knew them to be false, and knew that he was actually KATY JONES and that the texts alleged to have come from that account were actually written and sent to himself by ROSICA.

m.      The investigation identified several other victims who ROSICA also subjected to similar physical and digital harassment over several years before he started stalking VICTIM.

## III.    SENTENCING GUIDELINES

6.      The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.      The government and the defendant agree that Guidelines § 2A6.2(a) applies to

the offenses of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.      The government and the defendant agree that the following specific offense

characteristic does apply:

    a.      the **two-level** increase pursuant to Guidelines § 2A6.2(b)(1)(E) [pattern
of activity involving stalking, threatening, harassing, the same victim].

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9.      The government and the defendant agree that the following adjustments do

apply:

    a.      the **two-level** increase pursuant to Guidelines § 3B1.3 [abuse of a
position of trust or special skill]; and

    b.      the **two-level** increase pursuant to Guidelines § 3C1.1 [obstruction].

## ADJUSTED OFFENSE LEVEL

10.     Based on the foregoing and Guidelines §3D1.4, it is the understanding of the

government and the defendant that the combined adjusted offense level for the offenses of

conviction is **24**.

## ACCEPTANCE OF RESPONSIBILITY

11.     At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level downward adjustment of Guidelines §  3E1.1(a) (acceptance

6

of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 21**.

## CRIMINAL HISTORY CATEGORY

12.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.    It is the understanding of the government and the defendant that, with a total offense level of 21 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **37 to 46 months**, a fine of $15,000 to $150,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14.    Notwithstanding the above calculations, on the basis of the factors set forth in 18 U.S.C. § 3553(a) and Guidelines § 5K2.21, it is the agreement of the parties pursuant to

7

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a 60-month term of imprisonment as part of the appropriate sentence in this case**. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

15.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

16.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

8

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

17.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.    At sentencing, the government will move to dismiss the criminal complaint under case number 17-MJ-0524 in this action.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

9

## VI.   APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack a sentence of imprisonment of 60 months or less and any component of a sentence imposed by the Court which falls within or is less than the sentencing range for a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.   The government waives its right to appeal a sentence of imprisonment of 60 months or more and any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE PROVISIONS

23. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following property which was seized by law enforcement officials:

a. a. One Dell Inspiron 15 Laptop computer , 7000 Series 7548 - Service Tag S/N 77L5K42;

b. One Toshiba Satellite Laptop computer, Model L755-S5358 - S/N 9B144639W;

c. One Motorola Droid XT1650 cellular phone - S/N 351854082650008; and

d. One Motorola XT1254 cellular phone - S/N 990005111369147.

24. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the above listed assets and all of the components and related media to the United States pursuant to 18 U.S.C. §1030(i) and will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

25. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

11

26.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative

proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

28.   This plea agreement represents the total agreement between the defendant, WILLIAM ROSICA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____

CRAIG R. GESTRING
Assistant United States Attorney

Dated October 5, 2017


13

## ACKNOWLEDGMENT

I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, Mark D. Hosken, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

WILLIAM ROSICA
Defendant

Dated: October 5, 2017

MARK D. HOSKEN, ESQ.
Attorney for the Defendant

Dated: October 5, 2017

14