UNITED STATES OF AMERICA
<u>WESTERN DISTRICT OF NEW YORK</u>   17-CR-6139(FPG)

UNITED STATES OF AMERICA   DEFENDANT'S SENTENCING
                          STATEMENT AND OBJECTIONS
   v.                     TO THE PRESENTENCE
                          INVESTIGATION REPORT

WILLIAM ROSICA,

   **Defendant.**

---

      MARK D. HOSKEN, Supervisory Assistant Federal Public Defender for the Western District of New York, affirms as follows:

1.     I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, William Rosica.

2.     The factual representations made in this Statement are based on investigations by members of my office, conversations with William Rosica, a review of the Presentence Investigation Report (hereinafter PSR), dated December 21, 2017, and expected to be revised before the sentencing hearing.

## INTRODUCTION

3.     On October 5, 2017, William Rosica pleaded guilty to one count of Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) and one count of Computer Intrusion, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030 (c)(2)(B)(ii).

4.     The plea was entered pursuant to FED.R.CRIM.P. 11(c)(1)(C). The government and Mr. Rosica agreed that this Court should impose a 60 month term of imprisonment. Should

1

this Court reject this agreed upon sentence, Mr. Rosica must be afforded an opportunity to withdraw his pleas of guilty.

5. The government and Mr. Rosica agreed the appropriate sentencing range pursuant to the U.S.S.G. is 37 to 46 months. The PSR recommends a higher sentencing range of 51 to 63 months based on no reduction for acceptance of responsibility.

6. Counsel reviewed the PSR with Mr. Rosica. Based on the review, I requested changes to the PSR by P.O. Fish. Officer Fish agreed to make many of the requested changes. There remain two outstanding issues that cannot be resolved without this Court's intervention. Those objections are set out below.

7. Sentencing is currently scheduled for January 23, 2018 at 4:00 PM.

**OBJECTIONS**

8. William Rosica objects to the inclusion of the following paragraphs in the PSR. These paragraphs are numbered 215 through 225 and are found under the heading, "ROSICA's Past Allegations of Stalking." Mr. Rosica asks this Court to exclude the information or, at the very least, not consider the information when determining whether to accept the agreed upon plea and impose the agreed upon term of 60 months imprisonment.

9. FED.R.CRIM.P. 32(i)(3)(B) requires this court to rule on any disputed information or controverted matter. This requirement may be dispensed with should this Court determine a ruling is unnecessary as the material will not affect sentencing, or because the Court will not consider the material in sentencing.

10. Here, the paragraphs claim stalking behavior by Mr. Rosica. There are numerous unidentified individuals who claim Mr. Rosica engaged in other unrelated stalking behavior. Mr.

Rosica objects to the inclusion or consideration of these paragraphs based on anonymous sources. Mr. Rosica is unable to rebut such vague and unreliable information. The inclusion or consideration of such information is unfair, improper and violates Mr. Rosica's right to Due Process as guaranteed by the Fifth Amendment.

11. Mr. Rosica also objects to the inclusion or consideration of the information contained in the paragraphs numbered 179-190, 199, and 209. The PSR also relies on these paragraphs to deny Mr. Rosica's reduction for acceptance of responsibility. The PSR contends Mr. Rosica should not be granted acceptance for two reasons: denial of responsibility for the instant offense and commission of new criminal conduct.

12. Section 5E1.1 of the U.S.S.G. recommends a three point reduction should a defendant clearly demonstrate acceptance of responsibility. Initially, the PSR in ¶198 acknowledged Mr. Rosica's acceptance of responsibility. Later paragraphs reject that finding for the reasons identified above. Those reasons will be addressed separately.

**A.  Rosica's Phone Calls**

13. The PSR claims that a review of Mr. Rosica's recorded jail calls to his family and his girlfriend evidence a lack of acceptance. It is true that Mr. Rosica had telephone conversations with family and friends in which he told them he had a disagreement with the factual basis in the plea agreement. However, this should not and cannot override Mr. Rosica's testimony provided under oath before this Court. Similarly, Mr. Rosica's responses to P.O. Fish during the presentence interview were consistent with his sworn testimony before this Court at the time of the entry of his guilty pleas. Again, Mr. Rosica reaffirms his sworn statements before Your Honor and asks this Court grant him the reduction for acceptance of responsibility.

**B.  Claimed New Criminal Conduct**

14.     The PSR claims three recorded telephone calls between Mr. Rosica and his girlfriend depict a continuation of criminal conduct (¶190) and the commission of future criminal conduct (¶209).  For the reasons set out below, the information discussed in these recorded calls do not evidence criminal conduct and therefore, do not support a denial of acceptance of responsibility.

15.     Based on the conclusions in the PSR, it appears the claim is Mr. Rosica engaged in new cyberstalking activity in contravention of federal law.  He did not.

16.     In *United States v. Jordan*, 591 F.Supp. 2d 686, 721-722 (SDNY 2008), the Court denied the defendant's motion for a new trial after conviction for cyberstalking.  The Court set out the three elements the government must prove to support such a conviction.  These are:  (1) use of a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress or placed one in reasonable fear of death or serious bodily injury; (2) that in doing so, the defendant acted knowingly and with the intent to injure, harass, intimidate, or cause substantial emotional distress or to place one in reasonable fear of her death or serious bodily injury; and (3) the defendant must act with the specific intention to cause the wrongs described above.  Further, prior to determining whether there was an attempt, the Court required a finding that the defendant had the intent to commit the crime and took a substantial step towards the commission of the crime.  Here, none of the conduct or conclusions identified support new acts of cyberstalking.  At most, the claimed conduct may be a dubious choice.  However, it is not evidence of new conduct supporting cyberstalking or an attempt to commit cyberstalking.  Thus, he should receive acceptance of responsibility.

## CONCLUSION

17.     For the foregoing reasons, the defendant asks this Court to strike ¶¶215-225 and ¶¶179-190, 199 and 209 from the PSR.  Further, should this Court determine it will not strike these paragraphs, it is requested Your Honor not consider the information when imposing sentence.

18.     Alternatively, the defendant recognizes this Court may decide not to resolve these objections if such a ruling is unnecessary as the material will not affect sentencing pursuant to FED.R.CRIM.P. 32(i)(3)(B).  Moreover, this plea is constructed pursuant to FED.R.CRIM.P. 11(C)(1)(C).  This Court may decide to simply impose the agreed upon sentence of 60 months as contemplated by the parties.


Dated: January 11, 2018            /s/Mark D. Hosken
                                   Mark D. Hosken
                                   Supervisory Assistant Federal Public Defender
                                   Federal Public Defender's Office
                                   28 E. Main Street, Suite 400
                                   Rochester, New York 14614
                                   (585)263-6201
                                   Mark_Hosken@fd.org
                                   Attorney for William Rosica


To:    Craig Gestring, AUSA
       Jennifer Fish, USPO