UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

v.

WILLIAM R. ROSICA,

               Defendant.

17-CR-6139-FPG

DECISION AND ORDER

## INTRODUCTION

On July 14, 2023, Defendant William R. Rosica filed a motion for early termination of supervised release. ECF No. 56. On August 1, 2023, the Court directed the Government and the Probation Office to respond to Defendant's motion. ECF No. 57. The Government opposes the motion. ECF No. 58. The Probation Office does not oppose early termination of supervised release. ECF No. 59. For the reasons set forth below, Defendant's motion for early termination of supervised release is GRANTED.

## DISCUSSION

Under 18 U.S.C. § 3583, a district court may modify an individual's conditions of supervised release, § 3583(e)(2), or terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Further, 18 U.S.C. § 3624(e) provides:

> "A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned

1

in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

Congress intended supervised release to assist individuals in their transition to community life and fulfill rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); *see also* S.Rep. No. 98–225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a).

On February 1, 2018, this Court sentenced Defendant to 60 months' imprisonment to be followed by three years of supervised release. *See* ECF No. 43. On June 4, 2021, Defendant was released and began his three-year term of supervised release. ECF No. 59. Since beginning his supervision, Defendant has complied with all conditions and paid his $1,000 fine and restitution in the amount of $2,215.76. *Id*. Defendant has served over two years of his three-year term of supervised release and has approximately ten months remaining in his term. *Id*. Here, Defendant requests early termination of supervised release because he, *inter alia*, has had "no issues or violations as set forth in [his] probation orders[,] [and has] had two jobs in that timeframe[.]" ECF No. 56.

As discussed, a district court "may discharge a defendant and terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" 18 U.S.C. § 3583(e)(1); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013). In making such a determination, courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context. *See* 18 U.S.C. § 3583(e)(1).

The Court has considered the factors set forth in § 3553(a) and concludes that early termination of supervised release is warranted. Defendant has satisfactorily completed over two years of his three-year term of supervision and displayed an ability to lawfully self-manage by maintaining stable residence, obtaining employment, and abstaining from violations throughout supervision. *United States v. Jimenez*, Nos. 99 Cr. 1110–02, 99 Cr. 1193–04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept.5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y.1998). The Court is satisfied that Defendant's conduct and the interest of justice warrant early discharge from supervised release in light of the general purposes of sentencing referred to in § 3583(e)(1). *Black*, 2013 WL 2527371 at *3.

Accordingly, Defendant's motion for early termination of supervised release, ECF No. 56, is GRANTED.

SO ORDERED.

Dated: August 21, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York